

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

22-CR-6165 DGL

MICHAEL ALAN JONES,

Defendant.

---

# PLEA AGREEMENT

The defendant, MICHAEL ALAN JONES, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I.   THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and plead guilty to a one-count Information which charges a violation of Title 18, United States Code, Section 922(g)(1) (felon in possession of a firearm and ammunition), for which the maximum possible sentence is a term of imprisonment of 10 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of 3 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, if it is determined that he has violated any of the terms and conditions of his term of supervised release, he may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time

previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II.     ELEMENTS AND FACTUAL BASIS

3.      The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

First, that the defendant knowingly possessed a firearm and/or ammunition, as charged in the Information;

Second, at the time the defendant possessed the firearm and/or ammunition, the defendant had previously been convicted of a crime punishable by imprisonment for a term exceeding one year;

Third, at the time the defendant possessed the firearm and/or ammunition, the defendant knew that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year; and

Fourth, that the possession of the firearm and/or ammunition was in or affecting commerce.

### FACTUAL BASIS

4.      The defendant and the government agree to the following facts which form the basis for the defendant's guilty plea including relevant conduct:

    a.      On or about March 19, 2022, in the Town of Leroy, County of Genesee, Western District of New York, the defendant, **MICHAEL ALAN JONES**, knowing that he had previously been convicted of crimes

2

        punishable by a term of imprisonment exceeding one year, unlawfully did knowingly possess, in and affecting commerce, a firearm, namely, one (1) Palmetto State Armory, Model PA 15, AR 15 semiautomatic rifle, bearing serial number SCD729076, and ammunition, namely, rounds of 7.62x51mm ammunition (Aguila). Specifically, the defendant possessed the rifle and ammunition in a vehicle in the vicinity of Route 33 and Griswold Road and School Road, in the Town of Leroy, Genesee County, Western District of New York. The defendant also possessed a 30-round Magpul PMAG magazine with the rifle.

b.    The defendant was convicted on or about February 25, 2019, in the Superior Court Division, Alamance County, North Carolina, of the crime of Crime Against Nature, Court Number 17CRS054568, occurring on or about August 31, 2016, and on or about February 25, 2019, in the Superior Court Division, Alamance County, State of North Carolina, of the crime of Crime Against Nature, Court Number 17CRS054569, occurring on or about June 9, 2017. Said convictions were punishable by a term of imprisonment exceeding one year, the defendant receiving actual sentences of 4 months to 14 months in prison on each offense to be served consecutively. Said sentences were suspended and the defendant was placed on a supervised probation term of 18 months. The defendant admits that he knew of these prior felony convictions – and the fact that the convictions were punishable by a term of imprisonment exceeding one year – at the time he possessed the firearm and ammunition described in ¶ 4(a), above.

c.    Neither the State of New York, nor any other government authority has restored the rights of the defendant to lawfully possess a firearm or ammunition.

d.    The defendant knew he possessed a "firearm" as the term is defined in 18 U.S.C. § 921(a)(3). The defendant knew he possessed "ammunition" as that term is defined by 18 U.S.C. § 921(a)(17)(A).

e.    The firearm and the ammunition were not manufactured in the State of New York, and thus had at some time prior to defendant's possession, traveled in and affected interstate commerce.

## III.    SENTENCING GUIDELINES

5.    The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

6.      The government and the defendant agree that Guidelines § 2K2.1(a)(4)(B) applies to the offense of conviction and provides for a base offense level of 20.

## ACCEPTANCE OF RESPONSIBILITY

7.      At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of 17.

## CRIMINAL HISTORY CATEGORY

8.      It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS, AND IMPACT

9.      It is the understanding of the government and the defendant that with a total offense level of 17 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of **24 to 30 months, a fine of $10,000 to $95,000, a special assessment of $100, and a period of supervised release of 1 to 3 years**. Notwithstanding this,

the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

10. The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

11. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the pleas of guilty based on the sentence imposed by the Court.

12. In the event that the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV. STATUTE OF LIMITATIONS

13. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other federal criminal offense, which is not time barred as of the date of this agreement. This waiver shall be effective for a period

of six months following the date upon which the withdrawal of the guilty plea or the vacating of the conviction becomes final.

## V. REMOVAL

14. The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI. GOVERNMENT RIGHTS AND RESERVATIONS

15. The defendant understands that the government has reserved the right to:

   a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

   b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

   c. advocate for a specific sentence consistent with the terms of this agreement, including the amount of a fine and the method of payment;

   d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

   e. oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

16. At sentencing, the government will move to dismiss the Criminal Complaint pending against the defendant under Magistrate's No. 22-MJ-600.

6

17. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII.  APPEAL RIGHTS

18. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than a sentence of imprisonment of **24 to 30 months, a fine of $10,000 to $95,000, and a period of supervised release of 1 to 3 years**, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence. The defendant further agrees not to appeal a restitution order which does not exceed the amounts set forth in Section VI of this agreement.

19. The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

20. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than a sentence of imprisonment of **24 to 30 months, a fine of $10,000 to $95,000, and a period of supervised release of 1 to 3**

**years**, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII. FORFEITURE PROVISION

### FIREARMS AND AMMUNITION FORFEITURE

21. The defendant agrees that the firearm and ammunition described below constitute a nuisance as provided for in New York Penal Law § 400.05. The property is described as follows:

   a.   one (1) Palmetto State Armory, Model PA 15, AR 15 semiautomatic rifle, bearing serial number SCD729076; and

   b.   ammunition, namely, rounds of 7.62x51mm ammunition (Aguila).

22. The defendant agrees that the above-described property is subject to forfeiture and waives any and all statutory and constitutional rights, including but not limited to time restrictions and notice provisions with respect to the final disposition or forfeiture of the above property. The defendant further agrees to the destruction of the above-referenced property.

23. The defendant agrees that in the event this plea agreement is voided for any reason, the agreement for forfeiture, abandonment and disposition of the firearm and ammunition survives and shall be given full force and effect.

## IX. TOTAL AGREEMENT AND AFFIRMATIONS

24. This plea agreement represents the total agreement between the defendant, MICHAEL ALAN JONES, and the government. There are no promises made by anyone

other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TRINI E. ROSS<br>
United States Attorney<br>
Western District of New York

By: _____
CHARLES E. MOYNIHAN
Assistant U.S. Attorney

Dated: December 9, 2022

I have read this agreement, which consists of pages 1 through 9. I have had a full opportunity to discuss this agreement with my attorney, Steven G. Slawinski, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
MICHAEL ALAN JONES
Defendant

Dated: December 9, 2022

_____
STEVEN G. SLAWINSKI, ESQ.
Attorney for the Defendant

Dated: December 9, 2022